## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

BLAINE HARRINGTON, III,

      Plaintiff,

      vs.                              No.  1:22-cv-00295-KWR-JFR

DEEPAK DUGAR, M.D.,
*a medical corporation*,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendant's Motion to Dismiss for Lack of Jurisdiction or in the Alternative to Transfer Venue **(Doc. 7).**  Having reviewed the parties' pleadings and the relevant law, the Court finds that the motion is **WELL-TAKEN** and, therefore, is **GRANTED IN PART.**  The Court **TRANSFERS** this case to the Central District of California, Western Division.

This is a copyright infringement case. Plaintiff asserts that Defendant violated his copyright by posting one of his photographs on its website.  For the reasons stated below, the Court finds that it lacks personal jurisdiction over Defendant and will transfer this case to the Central District of California, Western Division. Even if the Court had personal jurisdiction over Defendant, it would still transfer this case pursuant to 28 U.S.C. § 1404(a).

## LEGAL STANDARD

When jurisdiction is contested, the plaintiff has the burden of establishing personal jurisdiction over the defendant.  *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004); *AST Sports Sci., Inc. v. CLF Distribution Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008).  At this stage, where a pre-trial motion to dismiss is considered by a court without an evidentiary

hearing, the plaintiff "need only make a prima facie showing of personal jurisdiction to defeat the motion." *See AST Sports*, 514 F.3d at 1057.  The plaintiff can satisfy this burden by "demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)).  This showing is "light."  *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).

"If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* (internal quotations omitted); *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992).  In other words, in determining whether the requisite showing has been made, all factual disputes are resolved in the plaintiff's favor and, if uncontroverted by the defendant's affidavits, the well-pled factual allegations in the Complaint must be taken as true.  *See XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 836 (10th Cir. 2020).  Still, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Wenz*, 55 F.3d at 1508 (quoting *Pytlik v. Professional Resources, Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989)).

## DISCUSSION

### I.  <u>Court lacks personal jurisdiction over Defendant</u>.

Defendant asserts that the Court lacks personal jurisdiction over it. Plaintiff disagrees, arguing that specific jurisdiction exists because Defendant posted a page on its website with a picture of the Albuquerque downtown skyline, which was allegedly created by Plaintiff.  Plaintiff asserts that this webpage was targeted toward residents of the District of New Mexico.  The webpage was titled "Albuquerque Patients looking for a specialist Rhinoplasty Surgeon!"  **Doc.**

2

**17 at 5.**  The first line of the blog reads "We love our patients from Albuquerque!"  and it provided "Click this link here to find out more about our out of town patients!" ***Id***.  Plaintiff asserts that this is enough for the Court to have specific jurisdiction over Defendant, a medical services corporation based in and providing services in Beverly Hills, California.  The Court disagrees with Plaintiff and concludes that specific jurisdiction is lacking.

"Personal jurisdiction is established by the laws of the forum state and must comport with constitutional due process."  *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 492 (10th Cir. 2012).  New Mexico's long-arm statute "extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible."  *See Tercero v. Roman Cath. Diocese of Norwich*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 316, 48 P.3d 50, 54; *Fireman's Fund*, 703 F.3d at 492–93.  The personal jurisdiction analysis, therefore, concerns only whether the exercise of personal jurisdiction offends due process.

"Due process requires both that the defendant [1] 'purposefully established minimum contacts within the forum State' and [2] that the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).  In other words, "the contacts with the forum State must be such that the defendant should reasonably anticipate being haled into court there."  *XMission*, 955 F.3d at 839–40 (internal quotations omitted); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Plaintiff may establish minimum contacts through general or specific jurisdiction.  Plaintiff admits that New Mexico does not have general jurisdiction over Defendant.  For specific jurisdiction to exist, a plaintiff must show that (1) the defendant has "purposefully directed [its] activities at residents of the forum" and (2) that "the litigation results from alleged injuries that arise out of or relate to those activities." *OMI Holdings*, 149 F.3d at 1090–91 (internal quotations

omitted). Even if Plaintiff meets its burden on these requirements, the Court must still ask whether the exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011).

"The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state." *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011). In addition, "posting allegedly defamatory comments or information on an internet site does not, without more, subject the poster to personal jurisdiction wherever the posting could be read (and the subject of the posting may reside)." *Id.* Finally, in considering what more is needed to create personal jurisdiction, "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.*

The Federal Circuit has indicated that one important factor for evaluating purposeful availment in the internet context is "whether any [forum] residents have ever actually used [the defendant's] website to transact business." *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed.Cir.2005) (vacating motion to dismiss for lack of personal jurisdiction on other grounds).

Here, it is undisputed that neither party resides in New Mexico. Defendant is located in California and provides medical services in Beverly Hills. Defendant has never provided services to New Mexico clients or received inquiries from New Mexico clients.

Plaintiff argues that Defendant's act of posting Plaintiff's photograph on its website establishes personal jurisdiction in New Mexico, because the website targeted residents of Albuquerque. The Court disagrees. Defendant's website was passive, and the record does not reflect that it reached residents of New Mexico.

4

As admitted by Plaintiff, Defendant advertised its medical services to residents of many different jurisdictions.  **Doc. 17 at 6.**  Defendant posted a webpage to its website which stated "We love our patients from Albuquerque.  Click this link here to find out more about our out of town patients."  **Doc. 17 at 5.**  That link invites out of town patients to schedule an appointment. However, Plaintiff has not provided any factual evidence showing that Defendant's website specifically reached New Mexico residents. Although Plaintiff *argues* that the website was designed to "capture search engine traffic", Plaintiff has not demonstrated this occurred.  There is no evidence in the record before the Court that any New Mexico resident visited Defendant's website.[1]  Rather, the only evidence in the record shows that no New Mexico residents ever sought or obtained medical services from Defendant.  **Doc. 7-1 at 4; Doc. 18-1 at 1.**  Therefore, the Court finds that Defendant has not "purposefully directed" its activities at the forum state, and alternatively, the effects were not felt in New Mexico.  Therefore, Plaintiff has not shown that minimum contacts exist to satisfy due process.

Moreover, even if Plaintiff had established minimum contacts, he has not shown that personal jurisdiction comports with fair play and substantial justice. "Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " *Burger King Corp.*, 471 U.S. at 476, 105 S.Ct. 2174 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  In determining whether the Court's exercise of personal jurisdiction comports with fair play and substantial justice, the Court considers five factors: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient

---

[1] Plaintiff filed, then withdrew, a motion for jurisdictional discovery after an apparent agreed resolution.  **Doc. 13.** Plaintiff's response, filed after the apparent agreed resolution of the discovery motion, does not contain an affidavit rebutting the factual assertion in Defendant's affidavit.

and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. *See OMI Holdings*, 149 F.3d at 1095. Considering these factors, the Court concludes that the exercise of personal jurisdiction in New Mexico would not comport with fair play and substantial justice.  There would be an unreasonable burden on Defendant to go to trial in New Mexico, especially when Defendant has little to no contacts with the state.  The forum state has little to no interest in resolving this dispute, given that it does not involve any state law, or any individuals from New Mexico.  Trying the case in New Mexico would not give Plaintiff convenient or effective relief.

Therefore, the Court concludes that it lacks personal jurisdiction over Defendant.

## II.    Court will transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Once the Court decides it lacks personal jurisdiction over a case, it may dismiss or transfer the case.  28 U.S.C. 1406(a); *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) (the "language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not").  Defendant alternatively requests that the Court transfer this case pursuant to 28 U.S.C. § 1404(a) to the Central District of California.  Whether or not the Court has personal jurisdiction over Defendant, upon weighing the factors and considering the interests of justice, the Court transfers this case to the Central District of California, Western Division, pursuant to 28 U.S.C. § 1404(a).

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. §1404(a). Courts have broad discretion to adjudicate motions to transfer, and should decide motions to transfer on a case-by-case basis. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515, 1516 (10th Cir. 1991). Based on its language, an analysis under §1404(a) requires consideration on three fronts:

(1) whether the case could have been brought in the other district or division;

(2) whether discretionary factors weigh in favor of transfer based on the convenience of parties and witnesses; and

(3) whether transfer is in the interest of justice.

*Biotronik, Inc. v. Lamorak Ins. Co.*, No. CIV. 15-00252 WJ/WPL, 2015 WL 3522362, at *4 (D.N.M. June 3, 2015).

The Court considers the following discretionary factors when considering a motion to transfer venue for convenience under § 1404(a):

(1) the plaintiff's choice of forum;
(2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;
(3) the cost of making the necessary proof;
(4) questions as to the enforceability of a judgment if one is obtained;
(5) relative advantages and obstacles to a fair trial;
(6) difficulties that may arise from congested dockets;
(7) the possibility of the existence of questions arising in the area of conflict of laws;
(8) the advantage of having a local court determine questions of local law; and
(9) all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1167 (10th Cir. 2010) (citing *Chrysler*, 928 F.2d at 1516)). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

Here, the parties agree that venue is proper in the Central District of California, and that court has personal jurisdiction over Defendant.  Therefore, this action could have been brought in the Central District of California.

Moreover, the discretionary factors weigh in favor of transfer for the convenience of the parties and the interests of justice.   Plaintiff's selection of forum carries much less deference here because Plaintiff does not reside in the District of New Mexico.  *See Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) ("The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district.").

Moreover, more witnesses and sources of proof exist in the Central District of California than New Mexico.  It is unclear if any witnesses or evidence are in New Mexico.  All identified witnesses, except for Plaintiff, appear to reside in California.  Moreover, transferring this case to the Central District of California is likely to decrease costs to the parties. **Doc. 7-1 at 4.**  The cost overall is likely to be higher in the District of New Mexico.

Both districts have congested dockets.  The Central District of California has more weighted filings per judgeship, but lower overall case filings. *See* https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2022 (last accessed November 7, 2022).  However, the District of New Mexico has a heavier criminal docket, which it must prioritize over civil cases.  Civil cases in the Central District of California take an average of 4.8 months from filing to disposition.  In New Mexico, the time from filing to disposition of civil cases is 11 months.  In the District of New Mexico, civil trials are often delayed as the Court must prioritize criminal trials.  Therefore, this case is likely to be more expeditiously tried in the Central District of California.  This factor is neutral or weighs in favor of transfer.

Any judgment obtained by Plaintiff would likely need to be enforced in the Central District of California.  There is no advantage to trying this case in the District of New Mexico, when this

matter involves federal law, and there is no evidence any New Mexicans were involved in this case.  Moreover, there is no evidence in the record before the Court that any New Mexican saw the advertisement and inquired about medical services.  **Doc. 7-1 at 4.**

Therefore, considering the factors and the totality of the circumstances, the Court concludes that this matter should be transferred to the Central District of California in the interests of justice and for the convenience of the parties, pursuant to 28 U.S.C. § 1404(a).

<b>CONCLUSION</b>

Whether or not this Court has personal jurisdiction over Defendant, it transfers this case pursuant to 28 U.S.C. § 1404(a) to the Central District of California, Western Division.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss for Lack of Jurisdiction or in the Alternative to Transfer Venue **(Doc. 7)** is hereby **GRANTED IN PART** for the reasons described in this Memorandum Opinion and Order; and

**IT IS FURTHER ORDERED** that the Clerk shall **TRANSFER** this case to the Central District of California, Western Division, and administratively close this case in this court.

**IT IS SO ORDERED.**

**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**